IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DONOVAN A. FORBES,

    Plaintiff,

    v.

U.S. DEPARTMENT OF JUSTICE,
IMMIGRATION CUSTOMS
ENFORCEMENT, and DEPARTMENT OF
HOMELAND SECURITY,

    Defendants.

CIVIL ACTION NO. 3:05-CV-1973

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Petitioner Donovan Forbe's Motion Requesting Emergency Stay of Removal and Judgment on the Grounds of Default (Doc. 1), which the Court construes as a petition for writ of habeas corpus and a motion for emergency stay of removal. Because Petitioner has failed to demonstrate any constitutional or other legal error and has failed to exhaust his administrative remedies with respect to his claim of derivative citizenship, I will deny both the petition and the motion for stay of removal.

## BACKGROUND

Petitioner asserts the following: On March 4, 2005, Petitioner was ordered removed from the United States by an Immigration Judge ("IJ") for a conviction of Criminal Possession of a Controlled Substance and Conspiracy to Distribute in the state of North Carolina. Petitioner submitted an appeal to the Board of Immigration Appeals ("BIA") and filed a supporting brief on July 28, 2005. The U.S. Government or Bureau of Immigration and Customs Enforcement ("ICE") failed to submit a reply brief. On

1

September 12, 2005, the BIA rendered a decision on the merits of Petitioner's appeal and pursuant to 8 C.F.R. § 1003.1(e)(4), affirmed the IJ's decision without opinion. Petitioner contends that ICE and the U.S. Government's failure to submit a brief in response to Petitioner's appeal constituted default, such that he was entitled to a judgment in his favor.  Lastly, in addition to the present petition, Petitioner is submitting a writ of habeas corpus addressing his underlying conviction in the Middle District of North Carolina.

## DISCUSSION

The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") precludes judicial review of criminal alien removal.  8 U.S.C. § 1252 (2005). However, the Supreme Court has ruled that district courts have jurisdiction under 28 U.S.C. § 2241 to consider habeas petitions challenging such removal.  *Chmakov v. Blackman*, 266 F.3d 210, 213 (3d Cir. 2001) (citing *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001)); *INS v. St. Cyr.*, 533 U.S. 289, 314 (2001).  The scope of review of such claims, however, is limited to constitutional issues and errors of law.  *Auguste v. Ridge*, 395 F.3d 123, 138 (3d Cir. 2005).  Factual determinations rendered at the administrative level and denials of discretionary relief fall outside the Court's scope of review.  *Id.*; *Bakhtriger v. Elwood*, 360 F.3d 414, 425 (3d Cir. 2004).  In the instant matter, Petitioner has failed to demonstrate any constitutional or other legal error.

Liberally construing the petition, Petitioner attempts to allege a violation of his due process rights.  Aliens are entitled to due process of law in removal proceedings pursuant to the Fifth Amendment.  *Reno v. Flores*, 507 U.S. 292, 305 (1993).  However, to prevail

on a due process claim, the petitioner must demonstrate that his rights were violated by defects in the underlying removal proceeding, and he suffered prejudice as a result of the defects. *United States v. Ayeni*, 66 F. Supp. 2d 617, 621 (M.D. Pa. 1999) (citing *United States v. Zarate-Martinez*, 133 F.3d 1194, 1197 (9th Cir. 1998)). To demonstrate prejudice, the Petitioner must offer "plausible grounds of relief which might have been available to him but for the deprivation of rights." *Zarate-Martinez*, 133 F.3d at 1198. In the present case, the only defect alleged by Petitioner is that the opposition to his appeal failed to submit a reply brief. Petitioner was afforded the opportunity to submit his appeal and a brief in support, followed by an evaluation of that appeal on the merits by the BIA. From these facts, it is clear that the failure of the U.S. Government or ICE to submit a brief in opposition of Plaintiff's appeal did not prejudice the Plaintiff. As such, Plaintiff has failed to demonstrate a violation of his due process rights or any other constitutional or legal error.

Lastly, the Court notes that Petitioner states briefly in his petition that he has a derivative U.S. citizenship claim. "Prior to presenting a claim for derivative citizenship in this forum, Petitioner must present his claim to the Department of Homeland Security ("DHS")". 8 CFR § 322.5; *McKenzie v. INS,* No. 04-1001, 2004 U.S. Dist. LEXIS 26237, at *17 (E.D. Pa. December 30, 2004). If Petitioner's claim of derivative citizenship is denied after he has fully exhausted his administrative remedies, he may then seek judicial review of his claim in federal court. *Henriquez v. Ashcroft*, 269 F. Supp. 2d 106, 108 (E.D.N.Y. 2003). Since Petitioner has failed to exhaust his administrative remedies with respect to his claim of derivative citizenship, this Court lacks jurisdiction to review

such a claim in a petition for habeas corpus relief. *Duvall v. Elwood*, 336 F.3d 228, 232 (3d Cir. 2003).

    Petitioner has failed to demonstrate a violation of his due process rights or any other constitutional or legal error.  Petitioner must also exhaust his administrative remedies with respect to a claim of derivative citizenship before the Court can exercise jurisdiction to review such a claim in a petition for habeas corpus relief.  Therefore, the Court with deny the petition for writ of habeas corpus and Petitioner's motion for emergency stay of removal will also be denied.

    An appropriate order follows.

 October 3, 2005                                   /s/ A. Richard Caputo
Date                                                 A. Richard Caputo
                                                       United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

DONOVAN A. FORBES,

   Plaintiff

       v.

U.S. DEPARTMENT OF JUSTICE, IMMIGRATION CUSTOMS ENFORCEMENT, and DEPARTMENT OF HOMELAND SECURITY,

   Defendants.

NO. 3:05-CV-1973

(JUDGE CAPUTO)

## ORDER

**NOW**, this __3rd__ day of October, 2005, **IT IS HEREBY ORDERED** that:

(1)    Petitioner's motion for emergency stay of removal is **DENIED.**

(2)    Petitioner Donovan Forbe's petition for writ of habeas corpus is **DENIED**.

(3)    The Clerk of the Court shall mark this case **CLOSED**.

                                          /s/ A. Richard Caputo
                                          A. Richard Caputo
                                          United States District Judge