IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DONOVAN A. FORBES,

    Plaintiff,

    v.

U.S. DEPARTMENT OF JUSTICE,
IMMIGRATION CUSTOMS
ENFORCEMENT, and DEPARTMENT OF
HOMELAND SECURITY,

    Defendants.

CIVIL ACTION NO. 3:05-CV-1973

(JUDGE CAPUTO)

## MEMORANDUM ORDER

Presently before the Court is Petitioner Donovan Forbe's Motion Requesting to Re-open and Grant Emergency Stay (Doc. 3), which the Court construes as a Motion for Reconsideration of its Order on October 3, 2005 (Doc. 2), denying Petitioner's motion for emergency stay of removal and his petition for writ of habeas corpus.

Petitioner does not allege any new factual or legal basis that would support his motion. Rather, Petitioner essentially requests that the Court grant him a temporary stay of his removal while he exhausts his administrative remedies with regard to his claim of derivative U.S. citizenship. The Court previously explained that "[p]rior to presenting a claim for derivative citizenship in this forum, Petitioner must present his claim to the Department of Homeland Security ("DHS")". 8 CFR § 322.5; *McKenzie v. INS*, No. 04-1001, 2004 U.S. Dist. LEXIS 26237, at *17 (E.D. Pa. December 30, 2004). Since Petitioner has failed to exhaust his administrative remedies with respect to his claim of derivative citizenship, this Court lacks jurisdiction to review such a claim in a petition for

1

habeas corpus relief. *Duvall v. Elwood*, 336 F.3d 228, 232 (3d Cir. 2003). The Court cannot grant a stay of removal without jurisdiction.

Because Petitioner fails to assert a claim over which the Court can exercise jurisdiction, Petitioner's Motion for Reconsideration must be denied.

**NOW**, this 20th day of October, 2005, **IT IS HEREBY ORDERED** that Petitioner Donovan Forbe's Motion Requesting to Re-open and Grant Emergency Stay (Doc. 3) is **DENIED**.

A. Richard Caputo
United States District Judge